UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-402-H

BEVERLY J. GRANT                                                          PLAINTIFF

V.

BAPTIST HOSPITAL EAST                                          DEFENDANT

## MEMORANDUM AND ORDER

Beverly Grant ("Plaintiff") alleges that her former employer Baptist Hospital East

("Defendant") discriminated against her in violation of the Americans with Disabilities Act

("ADA").  Specifically, Plaintiff claims that Defendant's stated reasons for terminating her were

actually a pretense for discriminating against her based on claimed disabilities of hepatitis C and

injuries incurred in two motor vehicle accidents and a slip and fall.  Both parties have moved for

summary judgment.  After consideration, the Court concludes that Plaintiff's claim fails because

she cannot establish that she suffered from a disability within the meaning of the ADA.

As a prerequisite to an ADA claim, Plaintiff must show that she suffered from a

disability.  *Mahon v. Crowell*, 295 F.2d 585, 589 (6th Cir. 2002).  To be "disabled" under the

ADA an individual must "(1) have a physical or mental impairment which 'substantially limits'

him or her in at least one 'major life activity,' (2) have a record of such an impairment, or (3) be

regarded as having such an impairment." *Id.* (citing 42 U.S.C. § 12102(2)).[1]  The phrase

---

[1]  In her complaint Plaintiff claims she was discriminated against because she "was regarded as having a
disability," thus appearing to invoke the third of these criteria.  However, she offers no evidence that Defendant
regarded her as disabled.  Therefore, the Court will simply analyze whether she was actually disabled or had a record
of disability.

"substantially limits" means considerably or to a large degree. *Id.* (quoting *Toyota Motor Manuf., Kentucky, Inc. v. Williams,* 534 U.S. 184, 196 (2002)). Major life activities are those "of central importance to daily life." *Id.* (internal quotations omitted). They include such functions as "caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Id.* (quoting 45 C.F.R § 84.3(j)(2)(ii) and citing *Toyota*, 534 U.S. at 195) (internal quotations omitted). The Supreme Court has cautioned that "[m]erely having an impairment does not make one disabled for purposes of the ADA." *Toyota*, 534 U.S. at 195. "It is insufficient for individuals attempting to prove disability status . . . to merely submit evidence of a medical diagnosis of an impairment." *Id.* at 198. The determination of whether an individual has an ADA disability must be made on an individual, case-by-case basis. *Id.* at 198.

This Court has had occasion to apply these principles to a case involving hepatitis C as the claimed disability. *Levinson v. Mucker*, 289 F. Supp. 2d 848, 853-54 (W.D. Ky. 2003). There, the plaintiff failed to allege any way in which hepatitis C substantially limited his ability to perform major life activities. In fact, it appeared he could perform such activities quite normally. Thus his hepatitis did not qualify as a disability under the ADA. *See also Rodgers v. Norfolk Southern Corp.*, 304 F. Supp. 2d 961, 967-68 (S.D. Ohio 2003) (same conclusion on somewhat greater offering of proof).

Virtually the same analysis applies here. Plaintiff learned she suffered from hepatitis C in March 2003, three months prior to her termination in June 2003. Plaintiff has not claimed that the condition substantially limited any major life activities during this time. In fact, Plaintiff actually stated that she did not feel the hepatitis C was interfering with her daily activities during that period. (Depo. Grant at 68). Contemporaneous records of medical visits corroborate

2

Plaintiff's recollection that she generally felt fine. *Id.* at 120-122, Exh.16. Nearing her termination Plaintiff began to experience minor symptoms such as occasional chills, mild sleep disturbance, and mild fatigue. *Id.* at 122-124. Aside from feeling ashamed of the condition, Plaintiff stated that "during that time I was feeling pretty good and I felt looking good." *Id.* at 68. She went about doing her job as she had done prior to the diagnosis. *Id.* at 77. No reasonable jury could find that hepatitis C substantially limited Plaintiff's performance of major life activities. Thus, Plaintiff's hepatitis C was not a disability within the meaning of the ADA.

The same conclusion applies to the injuries Plaintiff incurred in two car accidents on October 10, 2002, and January 2, 2003, and in a slip and fall on February 19, 2003. Medical records from the first accident indicate neck strain and left knee pain; from the second accident, mild neck pain. *Id.* at Exh. 15. In the slip and fall, she sprained her right wrist and aggravated some prior back pain. *Id.* at Exh. 12. After that injury, she worked light duty for about one week, then requested a return to her regular work – and did return – because she felt capable of doing so. *Id.* at 62-66. For several months Plaintiff visited a chiropractor for neck and back pain. *Id.* at Exh. 13-14. Plaintiff does not claim that any of these injuries restrained her ability to do her job in any way. Nor has Plaintiff identified any ways in which these injuries limited other life activities. Certainly, the injuries may have provided irritation and discomfort. However,

without the requisite proof they do not constitute disabilities for purposes of the ADA.[2]

---

[2] Plaintiff has also levied a general charge of "harassment, ridicule, and defamation of character" in her complaint. To the extent these allege claims under the ADA, they fail, primarily, because of Plaintiff's lack of disability. To the extent Plaintiff also alleges a defamation claim, she has not explained the basis for it in her complaint or briefs. In her deposition, she appears to claim that her performance evaluations contained some false statements about the quality of her work. (Depo. Grant at 94-105). Because she neither identifies those specific statements nor knows whether those statements were ever communicated to anyone else, her defamation claim fails.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion for summary judgment filed by Baptist Hospital East is SUSTAINED and all claims against the Defendant are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the motion for partial summary judgment filed by Beverly Grant is DENIED.

This is a final order.

cc:     Counsel of Record

4